≈AO 241 (Rev. 10/07)                                                                                                      Page 2

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: MASSACHUSETTS | |
|---|---|---|
| Name (under which you were convicted): Everett H. Connolly | | Docket or Case No.: |
| Place of Confinement: MCI-NORFOLK/P.O.BOX 43 Norfolk, Mass 02056 | Prisoner No.: W88112 | |
| Petitioner (include the name under which you were convicted) Everett Connolly | v. | Respondent (authorized person having custody of petitioner) Gary Roden, Superintendent |
| The Attorney General of the State of Massachusetts, Martha Coakley | | |

**PETITION**

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:
    Barnstable County Superior Court
    P.O.BOX 425
    Barnstable, Mass 02630

    (b) Criminal docket or case number (if you know): BACR2004-00163-oo1-oo2.

2.  (a) Date of the judgment of conviction (if you know): August 3, 2006

    (b) Date of sentencing: August 3, 2006

3.  Length of sentence: 15-to-20 yrs /Reduced to 10-to-12yrs

4.  In this case, were you convicted on more than one count or of more than one crime?  ☒ Yes  ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:
    Count#1; Cocaine Trafficking-15-to-20yrs

    Count#2; Cocaine Distribution-7-to-10yrs

6.  (a) What was your plea? (Check one)

    ☒ (1) Not guilty       ☐ (3) Nolo contendere (no contest)
    ☐ (2) Guilty           ☐ (4) Insanity plea

◈AO 241 (Rev. 10/07)

Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury   ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes   ☒ No

8. Did you appeal from the judgment of conviction?

☒ Yes   ☐ No

9. If you did appeal, answer the following:

(a) Name of court: State Appeals Court Of Massachusetts

(b) Docket or case number (if you know): 2006-P-1596

(c) Result: Case Transferred from State Appeals Court to State SJC.

(d) Date of result (if you know): December 26, 2008

(e) Citation to the case (if you know):

(f) Grounds raised:

```
I. The defendant suffered unfair prejudice when the prosecution
   withheld information about a confidential informant until
   trial and the court would neither declare a mistrial nor
   require disclosure of the confidential informant's identity.

II. The trial court should have suppressed the evidence found
    in the van because the search warrants violated the
    defendant's right to be free of unreasonable searches
    and seizures under the Fourth Amendment to the United
    States Constitution and Article 14 of Mass.Constitution
    Declaration of Rights.
```

III. Because police found the cocaine in the van by using global positioning technology without a valid search warrant that evidence had to be suppressed.

IV. The Commonwealth committed harmful error by introducing testimony that the defendant invoked his United States Fifth Amendment Right to remain silent.

V. It would be manifestly unreasonable and ineffective for trial counsel to have intentionally waived his objection to unfairly prejudical and constitutional errors that infected the trial.

Supplemental Issues Presented:

1.] Did the trial court commit harmful error by admitting the certificate of chemical analysis into evidence with a contemporaneous instruction to the jury that it was not necessary for the chemist to appear in the courtroom ?

I.] The defendant's rights under the 6th amendment to the U.S. Constitution were violated when the Superior Court permitted the certificate of analysis of the substance found in the van into evidence without the testimony of the laboratory analyst and this error may have contributed to the verdict.

(g) Did you seek further review by a higher state court?
   [X] Yes    [ ] No

   If yes, answer the following:

   (1) Name of court: Supreme Judicial Court of Massachusetts

   (2) Docket or case number(if you know): SJC#10355

   (3) Result: Order denying motion for new trial affirmed

   (4) Date of result(if you know):  September 17, 2009

(5) Citation to the case (if you know):

(6) Grounds raised: ```
A)Motion to Supress;(i)Probable cause to
  search the van;(ii)Use of the GPS device;
  B)Nondisclosure of informant; C)Right to remain silent;
  D.)Introduction of the drug certificate
```

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☐ Yes  ☒ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☒ No

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second petition, application, or motion, give the same information:

   (1) Name of court:

   (2) Docket or case number (if you know):

   (3) Date of filing (if you know):

   (4) Nature of the proceeding:

   (5) Grounds raised:

   (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

   ☐ Yes   ☒ No

   (7) Result:

   (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

   (1) Name of court:

   (2) Docket or case number (if you know):

   (3) Date of filing (if you know):

   (4) Nature of the proceeding:

   (5) Grounds raised:

≈AO 241 (Rev. 10/07)

page 7

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes    ☒ No

    (7) Result:

    (8) Date of result (if you know):

  (d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:    ☒ Yes    ☐ No

    (2) Second petition:   ☐ Yes    ☐ No

    (3) Third petition:    ☐ Yes    ☐ No

  (e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.  For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

   <u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

**GROUND ONE:**   THE DEFENDANT'S FOURTH AMENDMENT RIGHTS TO THE U.S. CONSTITUTION WERE VIOLATED BY UNREASONABLE SEARCH AND SEIZURE.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

  The state's usage of GPS monitoring device with an expired warrant constitutes an unreasonable search and seizure. A GPS device was attached to the power source inside the defendant's minivan and the police obtained information from the GPS device and the state submitted an affidavit that did not provide evidence sufficient to establish probable cause for issuance of the search warrant because there was an inadequate showing that drugs would be found in the van.

(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241     page 8
(Rev. 10/07)

   (c)    **Direct Appeal of Ground One:**

       (1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes    ☐ No

       (2) If you did not raise this issue in your direct appeal, explain why:

  (d) **Post-Conviction Proceedings:**

       (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

           ☒ Yes    ☐ No

       (2) If your answer to Question (d)(1) is "Yes," state:

       Type of motion or petition: `motion for new trial`

       Name and location of the court where the motion or petition was filed:
           `Barnstable County Superior Court`

       Docket or case number (if you know): `BACR2004-00163`

       Date of the court's decision: `November 6, 2007, and April 18, 2008`

       Result (attach a copy of the court's opinion or order, if available):

           `[See Superior Court docket sheet, Exhibit "B", page #13-to-15)`
           `Motion for new trial denied`

       (3) Did you receive a hearing on your motion or petition?    ☒ Yes    ☐ No

       (4) Did you appeal from the denial of your motion or petition?    ☒ Yes    ☐ No

       (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☒ Yes    ☐ No

       (6) If your answer to Question (d)(4) is "Yes," state:

       Name and location of the court where the appeal was filed:
           `Appeals Court of Massachusetts`

       Docket or case number (if you know): `2006-P-1596`

       Date of the court's decision: `December 26, 2008`

       Result (attach a copy of the court's opinion or order, if available):
           `Transferred to State SJC (See Superior Court docket sheet`
           `Exhibit "B", page #15, Paper Entry #130)`

       (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241
(Rev. 10/07)

page 9

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:** THE DEFENDANT'S SIXTH AMENDMENT RIGHT TO THE U.S. CONSTITUTION WERE VIOLATED WHEN CERTIFICATE OF ANALYSIS WAS SUBMITTED WITHOUT TESTIMONY OF LABORATORY ANALYST.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The state used testimony of several police officers to confirm the drugs without the testimony of analyst who prepared the drug certificates and the Superior Court allowed the jury to take the unwrapped cocaine into the jury room to determine the size ,weight of the allege cocaine without the testimony of analyst.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Supplemental memorandum in State SJC

Name and location of the court where the motion or petition was filed:
State Supreme Judicial Court

Docket or case number (if you know): SJC#10355

Date of the court's decision: September 17,2009.

AO 241 (Rev. 10/07)                                                                                page 10

Result (attach a copy of the court's opinion or order, if available):

See(Exhibit"A",page#10-to-12)

Defendant allowed to file memorandum to <u>Melendez-Diaz.</u>

(3) Did you receive a hearing on your motion or petition?    ☒ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

State Supreme Judicial Court

Docket or case number (if you know): SJC#10355

Date of the court's decision: September 17,2009

Result (attach a copy of the court's opinion or order, if available):

See(Exhibit"A") Affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two

**GROUND THREE:** THE STATE FAILURE TO DISCLOSE EXISTENCE AND IDENTITY OF INFORMANT VIOLATED DEFENDANT'S RIGHT TO CONFRONTAT-ION UNDER THE SIXTH AMENDMENT TO U.S.CONSTITUTION.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

During trial the jury heard testimony of informant's exist--ence which deprived the defendant the right to confront the informant since the state failed to disclose the informant.

AO 241 (Rev. 10/07)

page 11

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion for new trial

Name and location of the court where the motion or petition was filed:

Barnstable County Superior Court

Docket or case number (if you know): BACR2004-00163

Date of the court's decision: November 6, 2007

Result (attach a copy of the court's opinion or order, if available):

motion for new trial denied (Exhibit"B", page#13)

(3) Did you receive a hearing on your motion or petition?   ☒ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☒ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

State Supreme Judicial Court

Docket or case number (if you know): SJC#10355

Date of the court's decision: September 17, 2009

Result (attach a copy of the court's opinion or order, if available): (Exhibit"A")

page 12

AO 241
(Rev. 10/07)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

GROUND FOUR: THE DEFENDANT'S RIGHT TO REMAIN SILENT UNDER 5th AMENDMENT TO U.S.CONSTITUTION WERE VIOLATED

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

During trial a police detective testified that after the defendant's arrest and after receiving Miranda warnings the defendant stated that he "did not have anything to say at that time."

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)  **Direct Appeal of Ground Four:**
   (1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes   ☐ No
   (2) If you did not raise this issue in your direct appeal, explain why:

(d)  **Post-Conviction Proceedings**:
   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
       ☒ Yes   ☐ No
   (2) If your answer to Question (d)(1) is "Yes," state:
   Type of motion or petition:   Motion for new trial

AO 241
(Rev. 10/07)

page 13

Name and location of the court where the motion or petition was filed:
> Barnstable Superior Court

Docket or case number (if you know): BACR2004-00163

Date of the court's decision: November 6, 2007

Result (attach a copy of the court's opinion or order, if available):   (Exhibit"B", page#13)

(3) Did you receive a hearing on your motion or petition?   ☒ Yes   ☐ No
(4) Did you appeal from the denial of your motion or petition?   ☒ Yes   ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
> State Supreme Judicial Court

Docket or case number (if you know): SJC#10355

Date of the court's decision: September 17, 2009

Result (attach a copy of the court's opinion or order, if available):   (Exhibit"A")
> Motion for new trial affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241 (Rev. 10/07)

page 14

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  ☒ Yes   ☐ No

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?  ☐ Yes   ☒ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?  ☐ Yes   ☒ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

AO 241
(Rev. 10/07)

page 15

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Thomas J.Mello,Esq.,47 North Second Street,4th Flr., New Bedford,Mass 02740

(b) At arraignment and plea: Thomas J.Mello,Esq.

(c) At trial: Barry P.Wilson,Esq.,Law Office,240 Commercial Street, Suite#5A, Boston, Mass 02108

(d) At sentencing: Barry P.Wilson,Esq.

(e) On appeal: Ian Stone,Esq., Attorney at Law,351 Pleasant Street, Suite#437, Northampton, Mass 01060

(f) In any post-conviction proceeding: Ian Stone,Esq.

(g) On appeal from any ruling against you in a post-conviction proceeding: Ian Stone,Esq.

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ☐ Yes   ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ☐ Yes   ☒ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

AO 241
(Rev. 10/07)

page 16

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

 (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

```
Grant him an evidentiary hearing on his petition and REMAND
to State Court for a new trial, or ORDER verdict set aside,
```

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _NOVEMBER 12_  _200 9_ (month, date, year).

Executed (signed) on  _11·12·09_  (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Page 18

ADDITIONAL GROUND:

GROUND FIVE:

INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Supporting facts:
During trial, trial counsel's inadequate response to trial errors amounted to ineffective assistance of counsel when counsel failed to cross-examine police officer Brackett for misconduct committed by officer Brackett in this case and in other cases; And trial counsel waived objections throughout trial which would be manifestly unreasonable and ineffective for trial counsel to have intentionally waived his objection to unfairly prejudicial and constitutional errors that infected the trial; and failed to object to testimony of post-arrest silence of defendant.

I, Everett Connolly, hereby awear under oath that the foregoing Grounds#1-to-#5, were all presented and argued in the State(SJC)Highest Court Docket#SJC-10355.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY.
Dated: 11.12.09                    _____
                                   Everett H. Connolly